### MIDLAND CASUALTY CO. v. MASON.

No. 6326.    Opinion Filed January 25, 1916.

(154 Pac. 1171.)

**INSURANCE — Accident and Health Policy — Construction — "Boil."**
A special accident and health insurance policy, providing for the payment of indemnity in the event the insured under certain conditions suffered from boils, is clear and explicit, and does not cover disability occasioned by a disease designated as "ischio-rectal abscess"; and the courts have not the right to enlarge upon the plain provisions of such policy.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Carter County;*
*W. F. Freeman, Judge.*

Action by Isaac R. Mason against the Midland Casualty Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*E. A. Walker* and *McKenzie Cleland,* for plaintiff in error.

*I. R. Mason,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was instituted upon a special income accumulative limited accident and health insurance policy issued by the Midland Casualty Company to Isaac R. Mason, wherein the company agreed to pay the sum of $15 per week indemnity for the space of five consecutive weeks, provided the insured was confined in the house continuously for said period of time, was called upon regularly by a licensed physician, and was wholly disabled and prevented from performing each and every duty pertaining to any and every kind of business, labor, or occupation, solely by, among other diseases, boils. The petition alleges that the plaintiff was confined to the house under the care of a physician for six weeks, and during said time was not able to attend to his usual duties by reason of "deep-seated boils." There was evidence offered by the plaintiff that he was suffering with a disease designated as "ischio-rectal abscess," and that this expression was synonymous with "boils." The evidence offered by the defendant was that ischio-rectal abscess is a concrete, specific pathological entity, distinctly descriptive of itself, and not descriptive of a boil. The court found that there was a distinction between a boil and an abscess; that the term, "ischio-rectal," merely determined the locality of the abscess; that an abscess is a condition wherein the internal portions of the anatomy are affected, as an abscess of the liver or of the brain, but that a boil is external, involving only the skin; that by a preponderance of the testimony it is shown there is good reason why insurance companies should include boils and exclude abscesses in a health indemnity policy, the reason being that boils rarely prostrate or disable the patient, while

abscesses usually do; that the one is included and the other excluded as a matter of economy. After making these special findings of fact, the trial court proceeded to render judgment in favor of the plaintiff upon the ground that an insurance policy should be construed liberally in favor of the insured, and, inasmuch as plaintiff paid the premium in good faith and thought he was protected by said policy, he should not be bound by technicalities, and judgment was rendered in his favor. Is the question presented a technical one? We think not. The language of the policy is clear and explicit. It insures against boils, not against abscesses. The court found that abscesses were internal, while boils were external, afflictions, involving only the skin. If this finding is correct, and we are bound by it, the policy conveys a clear and explicit meaning, which involves no ambiguity or absurdity. It insures against boils, and the courts have not the right to enlarge upon the plain provisions of the policy and insure against abscesses. It was held in *Lake County v. Rollins,* 130 U. S. 662, 9 Sup. Ct. 651, 32 L. Ed. 1060, and approved in *Kinkade v. Continental Casualty Co.,* 35 Okla. 99, 128 Pac. 683:

"To get at the thought or meaning expressed in a statute, a contract or a Constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the Legislature have the right to add to it or take from it."

We therefore conclude that the language of the policy is clear and explicit, insuring against boils, but not abscesses.

The judgment of the court should therefore be reversed and the cause remanded.

By the Court: It is ordered.